UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BLANCA VILLANUEVA | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.   3:22-cv-00414 |
| | § | |
| SAM'S CLUB | § | |
| Defendant. | § | |

## PLAINTIFF'S FIRST SUPPLEMENTATION TO PLAINTIFF'S ORIGINAL PETITION

### A. Parties

1.  Blanca Villanueva, Plaintiff herein, complains of and against Sam's East, Inc. d/b/a and a/k/a Sam's Club, Defendant herein. Plaintiff is an individual residing in Galveston County, Texas. Defendant is a corporation and has made an appearance herein and filed Defendant's Notice Of Filing Notice Of Removal asserting that its correct name is Sam's East, Inc. In this regard, whenever Sam's Club, Sam's or Defendant is referenced herein it is referring to Sam's East, Inc. and/or the entity doing business as and also known as Sam's Club located at 6614 Gulf Freeway, La Marque, Texas.

### B. Jurisdiction/Venue

2.  Defendant removed this action from the 122nd District Court, Galveston County, Texas, Cause No. 22-CV-2133, to federal court pursuant to 29 U.S.C. § 1332, and asserts diversity of citizenship.

### C. Facts

3.  On or about July 5, 2022, Plaintiff entered Defendant Sam's Club, a department and grocery store, that is, a retail establishment open to the public for business purposes, located at

1

6614 Gulf Freeway, La Marque, Texas, to buy groceries and other items. As Plaintiff was walking within the store, an employee or agent of Sam's, acting in the course and scope of her employment or agency relationship with and in furtherance of Sam's business, while looking at her cell phone or an object in her hand, was pulling a cart with wheels by a long handle and negligently veered toward the direction which Plaintiff was walking or in the direction Plaintiff intended to go. Sam's employee or agent veered to her left in total disregard of Plaintiff. The conduct of Sam's employee or agent caused Plaintiff to collide with the cart, and after contact, Plaintiff fell to the concrete floor and landed on her knee, resulting in a "spider" or comminuted fracture to said knee. Plaintiff suffered injuries to her body in general and significant bruising due to the negligence described herein. Defendant is liable to Plaintiff under the doctrine of *respondeat superior.*

4.      As a premises owner, Defendant had a duty to make safe or give Plaintiff adequate warning of the existing dangerous condition, or unreasonable risk of harm, as described above, which Defendant knew or should have known of and existed on its' premises on said date. Defendant breached said duty by failing to make safe or give adequate warning to Plaintiff of a premises defect, that is, eliminate the defect, which proximately caused injuries and damages to Plaintiff.

5.      In the alternative, Defendant is guilty of negligence under the existing circumstances. At the time of Plaintiff's incident, there was an "ongoing activity" on Defendant's premises, which imposed a specific duty owed by Defendant to Plaintiff, and was breached because of Defendant's negligence, and proximately caused Plaintiff's injuries and damages.

### D. Negligence And Gross Negligence Of Defendant

6.      Defendant was negligent and grossly negligent on the occasion in question and proximately caused Plaintiff's injuries and damages by:

   a.   Creating and/or allowing an unsafe, unreasonably dangerous and hazardous condition to exist in and about the area in question;

   b.   Failing to make safe or eliminate the unreasonably dangerous condition/risk of harm and adequately warn persons such as Plaintiff of the hazard existing in and about said area;

   c.   Defendant breaching its duty of care to Plaintiff; and

   d.   The premises condition under the circumstances existing related to Plaintiff's incident involved: (1) an extreme degree of risk considering the probability and magnitude of potential harm to others; and (2) Defendant had subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of others.

Each and every of the above collectively and/or singularly was a proximate cause of the incident and occurrence in question and the resulting injuries and damages to Plaintiff.

### E. Res Ipsa Loquitur

7.      Incorporating and referring to all allegations set forth above, Plaintiff will show that prior to and on July 5, 2022, the day of Plaintiff's incident, the following factors were present: (1) the character of Plaintiff's injury was such that it would not have occurred without negligence,

3

and/or (2) the instrumentally, that is, the cart, was a proximate cause of Plaintiff's injury and under the sole management and control of Defendant. The circumstances surrounding the incident constitutes evidence of the Defendant's negligence.

8. Defendants had a duty to prevent injury to others if it reasonably appeared or should have appeared in the exercise of their lawful rights others may be injured by a dangerous condition or instrumentality that was created or allowed to exist by Defendant. Defendant had a further duty to use ordinary care in maintaining the premises in safe condition by inspecting the path Plaintiff was walking, warn of any hazards or risks of harm, and making the pathway safe for Plaintiff to walk.

9. Defendant was negligent and breached a duty of care owed to Plaintiff which was a proximate cause of the incident, resulting in damages as set forth herein.

## F. General Damages Of Plaintiff

10. As a direct and proximate result of Defendant's conduct, Plaintiff suffered serious bodily injury and has sustained physical pain and suffering, mental anguish, and physical impairment, all of which are in reasonable probability permanent. In addition, Plaintiff has incurred medical expenses and in all likelihood will incur future medical costs as a direct and proximate cause of Defendant's negligence. Further, Plaintiff has suffered an economic loss as a result of Defendant's negligence – Plaintiff has been unable to work and earn income since the date of the incident. From the date of the incident in question until the time of trial of this case, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff, for each element are as follows:

   a. The physical pain that Plaintiff has suffered from the date of the incident in question up to the time of trial.

    b.    The mental anguish that Plaintiff has suffered from the date of the incident in question up to the time of trial.

    c.    The damages resulting from the physical impairment suffered by Plaintiff and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform from the date of the incident in question up to the time of trial.

    d.    Reasonable and necessary medical expenses incurred by Plaintiff for treatment and care of Plaintiff's injuries resulting from the incident in question.

    e.    Loss wages.

11.    From the time of trial of this case, the elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff in the future beyond the trial, for each element are as follows:

    a.    The physical pain that Plaintiff will suffer in the future beyond the time of trial.

    b.    The mental anguish that Plaintiff will suffer in the future beyond the time of trial.

    c.    The damages resulting from the physical impairment that Plaintiff will continue to suffer in the future and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform in the future beyond the time of trial.

    d.    Reasonable and necessary medical expenses Plaintiff will likely incur for treatment and care of Plaintiff's injuries resulting from the incident in question.

    e.    Loss of future earning capacity.

Because of all the above and foregoing, Plaintiff has been damaged in an amount within

the jurisdictional limits of the Court.

### G. Exemplary/Punitive Damages

12.     Plaintiff will show that Defendant's acts and/or omissions as described above constituted gross negligence.  Under the existing facts and circumstances, Plaintiff is entitled to exemplary/punitive damages against Defendant to be determined by the Court and jury.   As such, Plaintiff seeks exemplary/punitive damages from Defendant in this lawsuit.

### H. Pre-judgment Interest

13.     Plaintiff also seeks pre-judgment interest at the maximum rate allowed by law.

### I. Post-judgment Interest

14.     Plaintiff also seeks post-judgment interest at the maximum rate allowed by law.

### J. Jury Demand

15.     Pursuant to applicable law, Plaintiff requests a jury trial.

### K. Prayer

16.     WHEREFORE, PREMISES CONSIDERED, pursuant to applicable law, Plaintiff prays that she recover damages against Defendant, as specified herein, for monetary relief over two hundred fifty thousand dollars ( $250,000.00 ) but not more than one million dollars ($1,000,000.00), plus exemplary/punitive damages, prejudgment interest, post-judgment interest, costs of court, and all such other relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Michael G. Martinez
MICHAEL G. MARTINEZ
Attorney At Law
Federal I.D. No. 3904
State Bar No. 13143150
3112 Hidalgo Street
Irving, Texas 75062
(281) 450-1997
mikegmartinezlaw@gmail.com

**ATTORNEY FOR PLAINTIFF**
**BLANCA VILLANUEVA**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record via automatic electronic filing; e-mail; regular U.S. mail; certified mail, return receipt requested; hand delivery; and/or by facsimile transmission on this the 21st day of December, 2022.

/s/ *Michael G. Martinez*
Michael G. Martinez